# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| JIMMY WESLEY PARKER, | : |
| Plaintiff, | : |
| v. | : Case No. 4:19-cv-00171-CDL-MSH |
| HOLLAND, *et al.*, | : |
| Defendants. | : |

## **ORDER**

Plaintiff Jimmy Wesley Parker filed a document the Court construes as a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983 without prepaying the Court's filing fee. Compl., ECF No. 1. Plaintiff did not submit his pleading on the Court's standard form for filing such actions and did not submit an application to proceed without prepayment of the fee. Accordingly, the Court ordered Plaintiff to (1) recast his complaint using the Court's standard § 1983 form, and (2) either pay the Court's filing fee or submit a properly completed motion for leave to proceed *in forma pauperis*. Order, ECF No. 4. Plaintiff was afforded twenty-one day in which to comply with that Order and was warned that failure to fully and timely comply may result in dismissal of this action. *Id.* at 3. The deadline passed with no response from Plaintiff.

As a result, the Magistrate Judge directed Plaintiff to show cause why this action should not be dismissed due to Plaintiff's failure to follow the Court's directives. Order to

Show Cause, ECF No. 5. The Magistrate Judge again afforded Plaintiff twenty-one days to respond and cautioned Plaintiff that failure to comply with the Court's directives would result in dismissal of his complaint. *Id*. at 2.

As of the date of this order, the deadline for Plaintiff to show cause has passed without response from Plaintiff. Because Plaintiff has failed to comply with previous orders or to prosecute his case, the Court now **DISMISSES** this action in its entirety **WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this 18th day of December, 2019.

s/Clay D. Land  
CLAY D. LAND  
CHIEF UNITED STATES DISTRICT JUDGE  
MIDDLE DISTRICT OF GEORGIA